**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                        **CRIMINAL NO. 2:19-CR-43-KS-MTP**

**NAKIA TROTTER**

#### ORDER

Defendant Nakia Trotter pleaded guilty to possession with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). He is currently being detained at the Harrison County Detention Center pending sentencing. On April 8, 2020, Defendant filed a Motion for Release on Home Confinement [46]. Defendant argues that he has several chronic illnesses which make him particularly susceptible to COVID-19. Specifically, he has heart problems, diabetes, and high blood pressure. He claims to have been scheduled for a heart valve replacement at the time of his arrest, and he takes medications for the high blood pressure and insulin for the diabetes. Defendant asks that the Court allow him to be released on home confinement with electronic monitoring until his sentencing.

Defendant is essentially asking the Court to release him on bond with certain conditions. "A convicted defendant has no constitutional right to bail." *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006). "[A]ny putative right to bail derives from 18 U.S.C. § 3143, which establishes a presumption against its being granted." *Id.*; *see also United States v. Brooks*, 2020 WL 2043803, at *1 (N.D. Miss. Apr. 28, 2020)

(decision to detain a convicted defendant is determined by 18 U.S.C. § 3143). The

statute provides, in relevant part:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>
> > (A)   (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> >
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> >
> > (B)   the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Section 3142(f)(1)(C) describes "an offense for which a

maximum term of imprisonment of ten years or more is prescribed in the Controlled

Substances Act (21 U.S.C. 801 et seq.) . . . ." 18 U.S.C. 3142(f)(1)(C).

Defendant pleaded guilty to possession with the intent to distribute 50 grams

or more of methamphetamine, in violation of the Controlled Substances Act, 21

U.S.C. § 841(a)(1) and (b)(1)(A), which carries a maximum sentence in excess of ten

years. Therefore, Defendant pleaded guilty to an offense described in 18 U.S.C. §

3142(f)(1)(C), and he must be detained pending sentencing unless 1) the Court finds

that there is a substantial likelihood that a motion for acquittal or new trial will be

granted or the Government recommends a sentence of no imprisonment, and 2) the

Court finds by clear and convincing evidence that he is not likely to flee or pose a

danger to any other person or the community. 18 U.S.C. § 3143(a)(2).

Defendant pleaded guilty, and there is no likelihood that a motion for acquittal

or new trial will be granted. Also, the Government has not recommended a sentence of no imprisonment. Even if Defendant met the requirements of Section 3143(a)(2)(A), he has not demonstrated by clear and convincing evidence that he is "not likely to flee or pose a danger to any other person or the community," as required by Section 3143(a)(2)(B).

The Court is certainly aware of the potential danger generally posed by the COVID-19 pandemic across society, but regardless of Defendant's health concerns, he must meet the requirements of 18 U.S.C. § 3143(a)(2) if he wants to be released pending sentencing. He has not done so, and he cited no other statutory basis for release in his motion. Therefore, the Court **denies** Defendant Nakia Trotter's Motion for Release on Home Confinement [46].

SO ORDERED AND ADJUDGED this 30th day of April, 2020.

/s/    Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE